### ERNEST H. DYER

*vs.*

### CUMBERLAND COUNTY POWER & LIGHT COMPANY.

Cumberland County. Decided November 19, 1918. On March 26, 1917, the plaintiff sustained severe injuries in a collision between an auto truck which he was driving, and an electric car of the defendant corporation, and has recovered a verdict for the damages sustained by him. The defendant moves for a new trial on the usual grounds.

The sole issue is upon the alleged negligence of those in charge of the Saco car.

Without quoting the testimony at length we may say that the evidence entirely fails to establish the charge of negligence on the part of the defendant's employes. The testimony of the conductor, of five passengers on the Saco car, and of one White, a watchman for the Standard Oil Company, who saw the collision from the sidewalk, shows beyond question that when the plaintiff crossed from right to left behind the electric car, the truck took the inbound track and ran for a short distance along the rails, until both truck and electric car were approaching the end of the double track and the switch; that then in attempting to leave the track, the plaintiff turned his truck to the left, the rear wheels skidded upon the rails, and the truck ran diagonally across the roadway, there thirteen feet wide, striking the curb on the southerly side of the Street; then in the plaintiff's attempts to regain control of the truck, it shot back across the street and collided with the electric car in the manner described by the motorman and other witnesses in the vestibule. The evidence is plenary that this unfortunate accident happened substantially in the manner we have stated, and that the motorman acted promptly in stopping his car upon the instant when danger became apparent.

Very serious injuries were undoubtedly sustained by the plaintiff for which he has recovered a verdict; we are disposed to apply the most severe tests to the evidence before disturbing that verdict; but the evidence, carefully and painstakingly considered, "so strongly preponderates against the plaintiff upon points vital to the result as to amount to a moral certainty that the jury erred in the conclusion reached by them." *Smith* v. *Ins. Co.*, 85 Maine, 348; and the mandate must be: Motion sustained. Verdict set aside. New trial granted. *Hinckley & Hinckley*, for plaintiff. *Bradley & Linnell, and William Lyons*, for defendant.